[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The parties were married on October 16, 1983, a total of 14 years. The Husband is 41 and the Wife 42 years of age. On August 8, 1997, the Husband instituted this action claiming a dissolution of marriage on the grounds of irretrievable breakdown, joint legal custody, shared physical custody, an equitable distribution of assets and other relief. At first the Husband was represented by counsel, he consulted with three different lawyers, but at trial proceeded pro se.
The Wife filed a cross complaint claiming a dissolution of marriage, alimony, custody, counsel fees, an assignment of assets, an equitable distribution of assets, security and other relief. Numerous pretrial motions were filed by both parties. Despite a very modest financial situation and agreement on many CT Page 8171 issues it took two days of trial for both parties to be heard on their differences.
No expert medical evidence was introduced by either party and each appears to be in good health. However, the Husband does claim a 28 percent disability of the knee for which he receives a disability pension from the Town of Westport. Despite his disability, he claims to have restrictions on lifting, kneeling, standing, walking and climbing ladders, he was not prevented from building a shed on his girlfriend's property or from applying for a job at Home Depot which requires standing and walking. He also claimed to have had a back and neck injury for which he received Worker's Compensation benefits in past years. The wife claims to have had surgery on her foot in recent years but does not assert any disability.
Each party is a high school graduate. In addition the Husband was trained as a firefighter and is "selfly taught" in computer technology. The wife, 23 years ago in 1975, graduated from Housatonic Community College with a 2-year degree in secretarial science. She does not have modern secretarial skills such as computer and other hi-tech equipment knowledge.
For three and one-half years before the marriage until 1995 when he received a disability rating, the Husband was employed as a firefighter for the Town of Westport. A hard worker, the Husband frequently had jobs other that his main employment including a carpentry business. Since his knee injury, he has attempted, with some success and failure, to start a computer consulting business. His last full time employment was with the Keane Company as a computer consultant earning $32,307.84 per year. The court finds it is reasonable to assume that his earning capacity is at least $30,000 per year as claimed by the Wife.
At the time of the marriage, the Wife was employed as an administrative secretary by the Dictaphone Corporation. After becoming pregnant in December of 1985, and with the complete agreement of the Husband, she left her employment to fill the traditional roll of a full time homemaker. The Husband now wants the Wife to resume full time employment and claims that she is underemployed in her present job as a part time sales clerk in a greeting card store. Her testimony was that she is currently in the job market and hopes to become employed in the school system, either in a clerical position or as a paraprofessional at a salary of approximately $350 per week. She feels constricted in CT Page 8172 her employment search by her responsibilities to the minor children. The court finds it is reasonable to assume that her earning capacity is at least $18,200 per year. The cost of child care would diminish that sum.
Neither party entered the marriage with any assets to speak of. Each had a vehicle and the Wife had accumulated some stock.
The marriage produced two children, Brian born April 13, 1987, and Danielle, born April 11, 1991. Both are in good health and do well in school. Fortunately, the parents had enough good sense to come to an agreement concerning their care and custody which will be hereafter outlined. The summer parenting plan was left up to the court to decide.
Each party blamed the other for the marriage breakdown. It would serve no useful purpose to chronicle the complaints. Generally, the Husband claimed there was a lack of communication and the Wife did not do her share in the marriage especially as it related to employment and household chores. The Wife claimed it was a good marriage until January 1997 when the Husband started coming home late, lost interest in her sexually, in doing things as a family, and became interested in another woman. He told her he did not love her anymore and refused marriage counseling. While fault is always difficult to sort out in a marriage relationship, the Wife's position is more credible.
All pertinent criteria outlined in Chapter 815j were considered by the court in the entry of the orders which follow.
ORDERS
Dissolution of Marriage
The court has jurisdiction and dissolves the marriage on the grounds of irretrievable breakdown.
Custody and Parenting Plan
The parties are awarded joint legal custody of the minor children, with the mother's residence considered primary, and subject to the following parenting plan:
1. The parties will spend alternate weekends with the children. The father will pick the children up at the mother's residence at CT Page 8173 5:00 p.m. on Friday and return them at 7:00 p.m. Sunday.
2. The father will have the children on Christmas Eve Day each year from 12:00 p.m. until midnight. The mother will have the children on Christmas Day each year from 12:00 a.m. through the first half of the school recess. The father will have the children for the last half of the school recess through New Years Day.
3. The parties will alternate the Thanksgiving holiday, in even numbered years to the father and in odd numbered years to the mother.
4. The parties will alternate the winter and spring school vacation weeks, in odd numbered years winter to the mother and spring to the father and vice versa.
5. The parties will each have two weeks of uninterrupted vacation with the children during the summer recess. In odd numbered years the father will have the first choice of weeks which he must make in writing by May first. In even numbered years the mother will have the first choice which she must make in writing by May first. Each party will make a special effort to respect the children's summer plans and wishes.
6. Father's Day and Mother's Day will belong to the appropriate party regardless of the weekend schedule.
Child Support
The Husband will pay to the Wife as child support the sum of $182 per week which comports with the Connecticut Child Support Guidelines based upon the income capacities found and excluding disability income. Said payments are to be made pursuant to an immediate wage withholding order when and if the Husband becomes employed by an employer other than himself
Alimony
The Husband will pay to the Wife Alimony of $50 per week for a period of 10 years or until the death of either party, the Wife's remarriage, or her cohabitation as defined in Connecticut General Statute Section 46b-86 (b). Said payments are to be made pursuant to an immediate wage withholding order when and if the Husband becomes employed by an employer other than himself. CT Page 8174
Medical Insurance and Expenses
The Husband will provide medical and hospitalization insurance for the benefit of the minor children within 30 days of the dissolution of marriage. Any cost to the husband for said medical insurance will be considered an un-reimbursed expense. All un-reimbursed medical, dental, and psychological costs incurred by the children will be shared equally by the parties.
Life Insurance
The Husband will name the minor children equal beneficiaries on his $10,000 life insurance policy with the Fire Department. Annually, he will furnish the Wife with proof that he remains so insured. In the event, at his option, the Husband reinstates the lapsed life insurance policy insuring his life, he will likewise name the minor children beneficiaries.
Pension
One-half of the Husband's disability pension is awarded to the Wife as a property settlement pursuant to Sec. 46b-81 of the General Statutes. The Wife's attorney will prepare the Qualified Domestic Relations Order to effectuate the transfer. Until the order is approved by the Plan Administrator, the court will retain jurisdiction over the disposition of the disability pension.
Internal Revenue Service Tax Returns
The parties will remain jointly liable on any previously filed joint tax returns (the last known filing was 1991). Tax returns filed after the dissolution of marriage date will remain the responsibility of the filer. Prior to April 15 of each year, through the minority of the children, the parties will exchange their respective IRS returns in order to monitor the child support and alimony payments and the possibility of modification because of a substantial change in circumstances.
Liabilities
All of the liabilities shown on the Husband's financial affidavit except for the debt due Anthony and Sue Gabriel will remain the sole responsibility of the Husband. In addition, the Husband will CT Page 8175 be solely responsible for the debts incurred by the Wife to Bridgeport Hydraulic and United Illuminating for services provided to the Wife's residence. All of the liabilities shown on the Wife's financial affidavit except for Dr. Valinsky, Filenes, J. C. Penny, Bridgeport Hydraulic, and SNET will remain the sole responsibility of the Wife. In addition, the Wife will assume the liability to Sue and Anthony Gabriel which appears on the Husband's affidavit.
Personal Property
The Husband is awarded all of the household items shown in paragraph seven of his claims, except for the snow blower (item r) and the TV in the playroom (item u), which he will remove within 30 days from date or consider abandoned. All other items of personal property will remain the property of the party controlling same including the coin collection now in control of the Wife.
Counsel Fees
As a contribution toward her counsel fees, the Wife will retain the balance in the rent security account of approximately $1300 and the Pitney Bowes stock.
Dependency Exemptions
The parties will equally share the dependency exemptions for the minor children. When there is only one child they will alternate the exemption with the Wife having the first year.
CUTSUMPAS, J.